IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-123 |
| | ) | |
| RANDALL THOMPSON | ) | |

## **MEMORANDUM AND ORDER**

Pursuant to the court's order asking the parties for memoranda of law related to the application of *United States v. Santos*, 128 S. Ct. 2020 (2008) to Count Two of the Superceding Indictment (conspiracy to commit a money laundering offense), the government has filed a memorandum contending that *Santos* has no application to Count Two [doc. 78]. The defendant has filed a motion to dismiss Count Two, arguing that *Santos* applies to the money laundering charge and that the government cannot prove that any of the funds sent to him were "profits" as opposed to "proceeds" [docs. 81 and 82].

Count Two of the Superceding Indictment in this case charges a violation of 18 U.S.C. § 1956(h). It states in relevant part as follows:

> [T]he defendants, DOUGLAS TROY THOMPSON and RANDALL THOMPSON, knowingly, willfully, and unlawfully, conspired, agreed and confederated with one another to commit offenses defined in Title 18, United States Code, section 1956, that is, to conduct and attempt to conduct financial transactions affecting interstate commerce which involved the proceeds of a specified unlawful activity, that is, theft of monies of the United States, in violation of Title 18, United States

> Code, Section 641, knowing that the transactions were designed, in whole or in part, to conceal and disguise the nature, location, ownership and control of the proceeds of the specified unlawful activity and knowing that while conducting and attempting to conduct such financial transactions, the property involved in those financial transactions represented the proceeds of some form of unlawful activity . . . .

The charge goes on to state that a United States Treasury check in the amount of $47,175.00 was deposited in defendant Randall Thompson's bank account and he then wrote a check to Carole Thompson, the wife of Douglas Thompson, for $47,000.

In order to prove Count Two, the government will have to prove the elements of a conspiracy in addition to the money laundering activities that are alleged to be a violation of 18 U.S.C. § 1956. The Supreme Court has described the burden of proving a violation of § 1956(a)(1) as having the following two elements: (1) "that a charged transaction 'in fact involve[d]' the proceeds of specified unlawful activity' (the proceeds element)" and (2) "that the defendant knew 'that the property involved in' the charged transaction 'represent[ed] the proceeds of some form of unlawful activity' (the knowledge element)." *Santos*, 128 S. Ct. at 2023. The government will also have to prove that the defendant conducted a financial transaction and that the transaction was designed to conceal or disguise the proceeds of the specified unlawful activity. *See Sixth Cir. Pattern Jury Instructions Crim.*, § 11.02 (2005).

2

On June 2, 2008, the Supreme Court decided that for purposes of the money laundering statute (18 U.S.C. § 1956(a)(1)), the term "proceeds" must be defined as "profits" of the specified unlawful activity. *Santos*, 128 S. Ct. at 2025. In *Santos*, the defendants were convicted of money laundering in connection with an illegal lottery operation. The money laundering counts were based on payments to runners, collectors, and winners. The Supreme Court agreed with the district court and the Seventh Circuit that the defendants' money laundering convictions should be vacated.[1] The issue before the Court was whether the payments that formed the basis of the money laundering counts were "proceeds" within the meaning of the statute. *Id.* at 2024. The Court found that the term "proceeds" is not defined in the statute itself. *Id.* Based on the rule of lenity applied to criminal statutes, the court adopted the "profits" definition of "proceeds" because it is more defendant-friendly than the "receipts" definition. *Id.* at 2025.

The Court's decision was based, in part, on the "merger" problem raised by the defendants.

> If 'proceeds' meant 'receipts,' nearly every violation of the illegal-lottery statute would also be a violation of the money-laundering statute, because paying a winning bettor is a transaction involving receipts that the defendant intends to promote the carrying on of the

---

[1] The district court and the Seventh Circuit relied on an earlier case that held that the term criminal "proceeds" meant only transactions involving criminal "profits." *See United States v. Scialabba*, 282 F.3d 475 (7th Cir. 2002).

3

> lottery. Since few lotteries, if any, will not pay their
> winners, the statute criminalizing illegal lotteries would
> "merge" with the money-laundering statute."

*Id.* at 2026. The Court noted that the merger problem is not limited to lotteries. "Generally speaking, any specified unlawful activity, an episode of which includes transactions which are not elements of the offense and in which a participant passes receipts on to someone else, would merge with money-laundering." *Id.* at 2027.

This court is not privy to all the facts supporting the charges in this case, but based on prior pleadings, including the factual basis of co-defendant Douglas Troy Thompson's plea agreement, it appears that defendant Douglas Thompson, an employee of the State Department, repaired an outdoor lighting problem at the American Consulate in Curacao. It is alleged that he created a false bid and invoice for the work using his brother's name. A check for $47,175 was sent to Randall Thompson, who then wrote a check for $47,000 to Douglas's wife Carole. The government admits, however, that the supplies for the project were paid for and the work was done. It is not clear who paid for these items. The government states in its response that "other contractors were being paid" rather than Randall Thompson. If, as alleged by defendant Randall Thompson, the improvements and repairs were made and some of the items were paid for by Douglas Thompson, then it would appear that not all of the $47,175 was a profit of the alleged theft.

4

Depending on the government's proof, the court finds that *Santos* may apply to Count Two. The government will have to prove at trial whether all or some part of the monies (the "proceeds") paid to Randall Thompson were profits. Thus, the defendant's motion to dismiss Count Two is not well taken, since the government has not had an opportunity to meet its burden of proof.

Therefore, it is hereby **ORDERED** that the defendant's motion to dismiss Count Two of the Superceding Indictment is **DENIED without prejudice**.

The defendant has also filed a motion for bill of particulars seeking information about the profits/receipts proof the government will use at trial [docs. 85 and 86]. If the government is in possession of any documents or objects discoverable under Rule 16(a)(1)(E) that have not been provided before now and that are relevant to the issue of whether the receipts are profits, the government shall provide copies of those items to the defendant no later than close of business on June 20, 2008. To the extent that the defendant's request for a bill of particulars seeks information beyond that to which he is entitled under rule 16, it is hereby **ORDERED** that the motion is **DENIED**.

ENTER:

    *s/ Leon Jordan*
United States District Judge